John William **WOOD**, Plaintiff-Appellee,

v.

Joe **REZNIK** and Ralph C. **Halbert**, Defendants-Appellants.

No. 11953.

United States Court of Appeals Seventh Circuit.

Oct. 21, 1957.

Rehearing Denied Nov. 19, 1957.

C. A. Caplow, Chicago, Ill., Caplow & Kelly, Chicago, Ill., of counsel, for appellant.

Bert C. Cheatham, Jack N. Van Stone, Evansville, Ind., Fred P. Bamberger, Evansville, Ind., Marion J. Rice, Evansville, Ind., for appellee.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

This is an appeal from a judgment removing an operator's lien as a cloud upon appellee's title to various working interests in a number of producing oil and gas leases, and granting appellee an accounting on certain cash commissions claimed due him from appellant, Reznik, under an oral contract. The action was tried to the court and the trial judge made his findings of fact, stated his conclusions of law thereon and entered the judgment appealed from. Appellants claim error in the court's findings and in the judgment in favor of appellee. The issues presented on this appeal are whether there is sufficient evidence to support the judgment and whether the court erred as a matter of law in allowing claims for commission based on sales which admittedly failed to comply with the registration requirements of the federal Securities Act of 1933, 15 U.S.C.A. § 77a et seq.

The principal parties to this proceeding had been associated, from June, 1951 to July, 1953, in the operation of certain oil properties in the tri-state area of Illinois, Indiana and Kentucky. Appellee is a real estate broker licensed to do business in Illinois and appellant, Reznik, is an operator and producer of oil wells. The two met by chance in Chicago in 1951 and at that meeting worked out an arrangement whereby appellee agreed to assist in raising capital for the drilling of wells on certain leaseholds owned by Reznik.

There was a sharp conflict in the evidence presented at the trial as to the nature and terms of the oral agreement under which the parties had transacted business for approximately two years. Appellee testified and introduced evidence to show that for his efforts in selling various fractional working interests in Reznik's leaseholds to a number of investors, Reznik had agreed to give him certain working interests in the leases, these interests to be free into the tanks on the first well on each lease, the term "free into the tanks" meaning that the interests were not to be chargeable with any costs until the first oil was ready for delivery into the tanks. In addition, appellee attempted to prove that Reznik had agreed to pay him a ten percent commission on all money raised by his efforts.

Reznik denied that he had agreed to pay such a commission. It was his contention that he had agreed only to grant appellee certain interests in the leases, and in a few instances, certain amounts of cash. He further denied that the in-

terests given appellee were to be free into the tanks. This dispute over operating costs which appellee, prior to this action, had refused to pay on demand, culminated in Reznik filing an operator's lien on appellee's interest in the various producing properties. This lien claim was later assigned by appellant, Reznik, to appellant, Halbert, who interposed his defense to appellee's suit in the trial below and sought relief by counterclaim.

Two witnesses testified that they knew personally of some arrangement between the parties whereby appellee was to receive the interests in the leases plus some commission. Neither witness could state the amount of the commission. The evidence indicated that appellee had taken part in eight separate deals selling interests to investors. There was further evidence that the arrangement between the parties had been modified in certain deals by agreement of the parties, and that there had been, in some cases, flat cash payments exclusive of any commission arrangement. The evidence conflicted as to the amount of money raised by appellee and the arrangement as to payment of operating costs.

The trial judge found, among other things, that Reznik had agreed to transfer to appellee a ⅟₃₂ interest for each ⅛ working interest appellee sold, this interest of appellee to be free into the tanks for the first well on each lease; that Reznik had agreed to pay a commission of ten percent for all money raised by appellee; that appellee had secured investors who invested with Reznik a total of $267,787.50; that there were certain transactions in which Reznik had agreed to pay appellee a flat sum for money raised instead of a fixed percentage; that appellee had agreed to accept less than the full ten percent on certain deals; and that appellee had already received $8217.50 in part payment of the commission due. On the question of Reznik's claim for expenses, the court found that exclusive of the expenses on the first well on each lease (which were to be free into the tanks), appellee had incurred operating and developing expenses totaling $18,501.74 of which $5,096.50 had been paid. Further findings and conclusions of law which amounted to a full accounting between the parties were made by the court and the judgment and setoff were entered on these findings and conclusions.

Appellants' chief complaint is that appellee did not discharge his burden of proving the oral contract relating to the payment of cash commissions to him. The direct testimony on this subject is limited to the two parties themselves, together with the general statements of two other witnesses previously mentioned. The trial court had the parties present in court, heard them testify, observed their demeanor on the witness stand and otherwise had an opportunity to determine whose story it would believe. For us to substitute our judgment on this evidence would be to make us triers of the facts and this we cannot do. Such is the province of the court below.

■ Appellants further contend that other findings of fact are not supported by the evidence. Again, for us to sort out of this welter of charges and countercharges a new set of findings would be a usurpation of the trial court's function. We have examined the record as submitted to us and find there is substantial evidence to support the findings below. This being a trial without a jury, Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is applicable. "Findings of fact shall not be set aside unless clearly erroneous, due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Lichter v. Goss, 7 Cir., 1956, 232 F.2d 715, 719. "The rule requires that an appellate court make allowance for the advantages possessed by the trial court in appraising the significance of conflicting testimony and reverse only 'clearly erroneous' findings." Graver Tank & Mfg. Co. v. Linde Air Products Co., 1949, 336 U.S. 271, 275, 69 S.Ct. 535, 539, 93 L.Ed. 672.

■■ Appellants' contention that appellee was not entitled to any commissions on sales of the leasehold interests because such interests were not register-

**552**

ed with the Securities and Exchange Commission is not well founded. The record shows that Reznik told appellee, "[w]e will qualify them all." Also, that he testified he had filed the 5XA drilling tracts with the Commission and that there was no need to file the later ones because they hit oil. "The essential purpose" of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., "is to protect investors by requiring publication of certain information concerning securities before offered for sale." Frost & Co. v. Coeur D'Alene Mines Corp., 1941, 312 U.S. 38, 40, 61 S.Ct. 414, 415, 85 L.Ed. 500. In that opinion the court goes on to point out that all contracts in violation thereof are not necessarily void, but are voidable only where their enforcement would tend to injure the public or would be detrimental to the public interest. Such is not the case here. Reznik seeks to invoke this doctrine to his own personal interest as it relates to his agreement with appellee. The public has not complained nor has it been harmed.

The trial court undertook to resolve a complex and difficult factual situation. We shall not disturb its findings.

The judgment is

Affirmed.