The NATIONAL SCREW & MANUFAC-
TURING CO. and Lockheed Aircraft
Corporation, Appellants and Cross-Ap-
pellees,

v.

VOI-SHAN INDUSTRIES, INC., Appellee
and Cross-Appellant.

No. 19314.

United States Court of Appeals
Ninth Circuit.

March 22, 1965.

As Corrected April 8, 1965.

On Rehearing June 8, 1965.

**2**

Robert W. Fulwider, Frederick E. Mueller, Fulwider, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., for appellants.

Lewis E. Lyon, Lyon & Lyon, Los Angeles, Cal., for appellee.

Before JERTBERG, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge.

Appellants are suing for infringement of patent. Upon this appeal the principal question is whether the District Court was clearly erroneous in its findings with reference to prior art upon the basis of which it concluded that appellants' patent was invalid for lack of invention. Fed.R.Civ.P. 52(a); Graver Mfg. Co. v. Linde Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672 (1949).

The patent in issue, LaTorre Patent No. 2,765,699, is for a "blind" bolt—a fastening device used in joining parts of a "blind" structure where the inside of the work is not accessible and the fastening operation must proceed from the outside of the pieces to be joined.

The bolt consists of three parts: (1) a threaded shank ending in the bolt head on the blind side or inside of the work to be joined; (2) a cylindrical collar surrounding the shank on the blind side with its end resting against the projecting lip of the bolt head; (3) a nut in the form of a threaded sleeve. The tip of the nut is pointed to form a cone. As the nut is driven (from the outside) the head of the bolt (on the inside) presses against one end of the collar and the tip of the nut is wedged beneath the collar's other end, causing that end to be expanded as it is forced over the cone and into contact with the blind side of the work which is to be joined.

This patented device is marketed by appellants under the name Jo-Bolt. Appellee's device, marketed under the name V-Bolt, with minor differences is composed of the same three parts operating in the same fashion.

There is no question but that the use of a distortable collar to accomplish a blind fastening is old in the art. Also old is the use of a driven cone to accomplish the distortion of the collar by a wedging action. Both of these elements are to be found in the Curtis bolt, Patent No. 2,099,678, a prior art reference upon which the District Court in large part relied in its determination of invalidity.

In Curtis the cone over which the collar was forced to accomplish its distortion was not a part of the nut. It was on a separate sleeve or mandrel. It is upon this difference that appellants rely in asserting an inventive advance over prior art.

The need which appellants' device meets is for a fastener which will lock to such a degree that vibration will not permit the nut to unthread itself from the bolt. With appellants' device, when the cone-shaped tip of the nut is forced under the collar the result is not only that the collar is distorted, but also that the threads of the nut tip are forced into those of the bolt shank in such a way as to cause a thread lock. This dual effect is pointed up by the designation given to appellants' device in the issued patent: "Blind bolt utilizing distortable collar and deformable locking nut member."

Appellants emphasize that Curtis provides no lock at all between the nut and the bolt; that such lock as is provided by the pressure brought to bear on the shank by the cone as the collar is forced over it is not thread lock, as the shank is not threaded at that point. Furthermore that such lock between the shank and mandrel does not affect the nut which is still free to unthread from the bolt.

We quite agree. However, once the need for a lock between the nut and bolt became apparent, the departures from Curtis necessary to accomplish this result were obvious to anyone skilled in the art. All that was needed was: (1) to combine the Curtis nut and mandrel into one threaded nut piece in the fashion shown by another prior art reference

—the Symons Australian patent; (2) so to compose and design the proportions of nut cone and collar that each piece would distort when forcibly brought into contact with the other. The resulting thread lock was exactly what was to be expected.

We conclude that the District Court was not in error in ruling that this did not amount to invention and that the device constituted a mere aggregation of elements old in the art with no new or unexpected result.[1] Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Co., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950).

■ Appellants contend that the District Court erred in excluding the deposition of one of appellee's employees. We disagree. The offer was made under Fed.Rule Civ.P. 26, but appellants had failed to show the existence of circumstances rendering that rule applicable.

Affirmed.

### On Rehearing

Appellants, in petition for rehearing, ask us (1) to delete from footnote No. 1 the following language:

"and have shown no desire (indeed, they have disclaimed it) to secure an adjudication of the validity of the patent as so limited."

(a) to modify our decision to hold the claims of the LaTorre patent limited to the details recited in that footnote, and (3) to rule that as so limited the patent

is valid. Appellants assert that it was never their intention to disclaim their right to an adjudication of the validity of the patent as narrowly construed. They note that this action would accomplish no new result so far as this case is concerned, since it is conceded that with the claims so limited appellee is not in infringement.

Feeling that we may have read too much into what we regarded as a disclaimer, it is ordered that the quoted language be stricken from footnote 1.

Although we feel impatience with counsel for imposing upon us what appears to be a last-minute change of tactics, still, in our judgment, the interests of justice justify the following clarification of our judgment and limitation upon its scope.

■ The question of validity which was at issue related to the patent as read with the broad construction contended for by appellants. We do not rule upon the precise scope of the patent nor upon its validity when less broadly construed since these issues were not subjected to the test of adversary proceedings.

■■ Therefore, we do not by our decision hold the patent invalid. We hold that for the reasons set forth in our earlier opinion it may not be given the broad construction for which appellants have contended, since with such construction it *would* be invalid. Since it is conceded that as otherwise construed there is no infringement, the question of validity is not reached.

1. Appellants' device, as claimed, incorporated a detail which appellee's device does not incorporate. The projecting lip or bearing face of the bolt head joins the head at an acute angle. At the point of joinder a notch or space is provided into which the end of the collar is securely forced by the acute angle of the bearing face when the nut is driven. In the District Court it was appellee's contention that the file wrapper demonstrates that it was upon this detail only that patent was allowed and that with the patent so limited appellee was not in infringement. Appellants, both in the District Court and here, have opposed this narrow construction of their patent and have shown no desire (indeed, they have disclaimed it) to secure an adjudication of the validity of the patent as so limited.