**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Plaintiff-Appellant,**

v.

**Walter L. COOK and Paul E. Pickle, Defendants-Appellees.**

**No. 17403.**

United States Court of Appeals Seventh Circuit.

Nov. 26, 1969.

Rehearing En Banc Denied Jan. 27, 1970.

John M. Duffy, David A. Stall, Chicago, Ill., Frank J. Delany, Washington, D. C., Frank K. Neidhart, Chicago, Ill., for appellant.

Bernard H. Sokol, Martin S. Bieber, Sokol, Schwab & Agran, Chicago, Ill., for appellee Walter L. Cook.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge, and KERNER, Circuit Judge.

CASTLE, Chief Judge.

Plaintiff, an instrumentality of the United States, as purchaser, assignee, and insurer of the assets of Beverly Savings and Loan Association,[1] brought this action against the defendants for fraudulent misrepresentation in securing a real estate mortgage. In August, 1961, Beverly approved a mortgage loan of $150,000 to C.M.O. Builders, Inc., a corporation which was owned in part by defendant Pickle and was the beneficial owner of the real property in question. Pickle had applied for the loan, signed the note individually, and assigned the beneficial interest in the property to Beverly as collateral. Plaintiff's suit is based on a real estate appraisal which Pickle had included with the loan application and which had been prepared by defendant Cook, a land appraiser and member of the Society of Residential Appraisers. Plaintiff alleged that the appraisal grossly over-valued the property in question and was prepared "with the knowledge and intent that said appraisal would be relied upon and that the person or corporation so relying thereon would thereby be deceived and defrauded." The district court, sitting without a jury, found for the defendants and plaintiff appeals.

The judgment of the court below was based on the findings that plaintiff failed to prove, by a preponderance of the evidence, the various elements of the charge of fraud. These elements were succinctly stated by the United States Supreme Court as "(1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation." Pence v. United States, 316 U.S. 322, 338, 62 S.Ct. 1080, 1083, 86 L.Ed. 1510 (1942). Cf. Citizens Savings & Loan Association v. Fischer, 67 Ill.App.2d 315, 325, 214 N. E.2d 612 (1966); Public Motor Service, Inc. v. Standard Oil Co., 69 App.D.C. 89, 99 F.2d 124 (1938).

Plaintiff, at trial, sought to establish the essential fact of reliance on the appraisal by the testimony of the four directors of Beverly who were members of the loan committee which approved the loan in question. The conduct of these directors in reviewing the loan application was admittedly cursory. Pickle's loan was approved at the same time as twenty others, no member of the loan committee ever inspected the property, and no one else was delegated the task of doing so or otherwise verifying the representations contained in the application.

The testimony of the loan committee members was generally weak and equiv-

1. Beverly was liquidated in 1963.

ocal. The transcript reveals that the directors were "relatively new to this activity" at the time the loan was approved, and subsequently, "tightened up [their] procedure considerably." The witnesses agreed that it was customary to examine appraisals before approving loans. However, there is substantial evidence to support the conclusion that the loan committee members did not remember seeing the appraisal in question, but merely assumed that since the inclusion of an appraisal was customary, they must have seen Cook's appraisal when they passed on Pickle's loan application.

In reviewing the district court's finding that plaintiff failed to approve by a preponderance of the evidence that Beverly relied upon the representations made in the appraisal, we are governed by Rule 52(a), Federal Rules of Civil Procedure, which provides:

"In all actions tried upon the facts without a jury * * *, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; * * *. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

The courts have had many occasions to comment upon the standards applied under Rule 52(a). The Supreme Court, in commenting on the above language, stated: "The rule requires that an appellate court make allowance for the advantages possessed by the trial court in appraising the significance of conflicting testimony and reverse only 'clearly erroneous' findings." Graver Tank & Manufacturing Company v. Linde Air Products Company, 336 U.S. 271, 275, 69 S.Ct. 535, 537, 93 L.Ed. 672 (1949). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States

Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); United States v. Singer Mfg. Co., 374 U.S. 174, 195, 83 S.Ct. 1773, 10 L.Ed.2d 823, n. 9 (1963); Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

In Fox River Paper Corp. v. United States, 165 F.2d 639, 640 (7th Cir. 1948), this Court stated:

"We have to determine only whether the finding of the trial court is clearly erroneous. [footnote omitted] The finding is not clearly erroneous if there is substantial evidence to support it. * * * We do not weigh the evidence or resolve any conflicts therein, or consider here the credibility of the witnesses."

Cf. Greiner v. Chicago & E. I. R. Co., 360 F.2d 891, 895 (7th Cir. 1966).

In the instant case, the witnesses remembered very little concerning the particular transaction in question. While some stated that they remembered seeing Cook's appraisal, others stated that they did not so remember. The directors had passed on some twenty loans on the day they approved Pickle's. The events in question took place some seven years prior to the trial. After an independent reading of the record, we are of the opinion that there was substantial evidence to support the finding of the trial judge. While certain selected passages of the transcript might support plaintiff's position, this Court, which did not have the advantage of viewing the demeanor of the witnesses, is not left with a "definite and firm conviction that a mistake has been committed" by the court below. See Prince v. Packer Manufacturing Company, 419 F. 2d 34 (7th Cir., dated November 18, 1969). The district court, on the basis of the testimony presented, was amply justified in concluding that Pickle's loan was approved summarily, without any reliance on Cook's appraisal.

Since the finding that no reliance was proven precludes a recovery by plaintiff on the charge of fraud, we find it un-

necessary to discuss the correctness of the district court's findings on the other elements of the charge. Accordingly, we affirm the judgment below.

Affirmed.