2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
In re Michael T. Murray, Debtor.
Shady Oak Investors, a California General Partnership, Appellee,
v.
Michael T. Murray, Appellant.
 No. 92-2793MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1993.
Filed: August 16, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael T. Murray appeals the order of the United States District Court,[1] which affirmed the judgment of the United States Bankruptcy Court.[2] The Bankruptcy Court held Murray liable for fraud or defalcation in a fiduciary relationship under 11 U.S.C. Sec. 523(a)(4), and found that Murray owed Shady Oak Investors $201,824.00 on a debt that was exempt from discharge. We affirm.
 
 I.
 
 2
 This case began with a commercial real-estate venture. Mr. Murray was a partner in MR Properties, a Minnesota general partnership, along with another partner, now deceased. MR Properties itself was the general partner in a Minnesota limited partnership named Shady Oak Limited Partnership. The only limited partner was a California general partnership, the appellee, Shady Oak Investors. The purpose of the limited partnership was to own and manage commercial property in Eden Prairie, Minnesota. MR Properties contributed the property itself, subject to a mortgage, and Shady Oak Investors contributed cash.
 
 
 3
 This arrangement worked profitably until the real-estate market began to collapse in the late 1980's. Other of MR Properties' real-estate ventures began to run short of cash; so it, through its two general partners, borrowed money from the Shady Oak Limited Partnership. When the California investors learned of this borrowing, they demanded MR Properties stop the practice and pay the money back. This was done. However, as the real-estate crisis worsened, MR Properties took more money from the limited partnership-so much money that it couldn't pay the taxes on the Eden Prairie property. This triggered a default on the loan secured by the property, and the mortgagee foreclosed.
 
 
 4
 MR Properties and its two general partners all filed Chapter 7 bankruptcies. They hoped to discharge their debts, including $326,077.31 withdrawn from the limited partnership but not paid back. The California investors objected to the discharge, claiming that because the debt owed to them arose from fraud or defalcation, within the meaning of Sec. 523(a)(4), it is not dischargeable. The courts below agreed with the investors and held Murray and his partner personally liable for the debt.
 
 II.
 
 5
 For reversal, Murray argues that the California investors did not have standing to pursue their claims against him personally, and that he was not a fiduciary in respect to the investors. His arguments are unavailing, for the reasons set out in the Bankruptcy Court's opinion. We affirm on that basis. See 8th Cir. R. 47B. Also, Murray argues that even if he was a fiduciary, the investors either were not damaged by his actions or the courts below miscalculated those damages: essentially questions of fact. The rule-called the two-court rule-is that we "will not review concurrent findings of fact by two lower courts absent a 'very obvious and exceptional showing of error.' " Judge v. Production Credit Ass'n of the Midlands, 969 F.2d 699, 700 (8th Cir. 1992) (per curiam), quoting Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 275 (1949), rev'd in part on other grounds, 339 U.S. 605 (1950). Murray has not shown us such error.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [2]
 The Hon. Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota