Byron Keith COOPER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–92–533.

Court of Criminal Appeals of Oklahoma.

July 25, 1996.

*ORDER ADDRESSING RESPONSE AND ORDER DIRECTING RELEASE FOR PUBLICATION OF JUNE 19, 1996, ORDER*

This case was remanded to this Court by the Supreme Court of the United States, which reversed Appellant's conviction based on a Due Process violation which occurred when Appellant was required to prove he was not competent to stand trial by clear and convincing evidence. *Cooper v. Oklahoma,* — U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). The Supreme Court remanded the case to this Court for further proceedings not inconsistent with its opinion. On May 13, 1996, the Attorney General on behalf of the State of Oklahoma filed a Response to the Mandate of the Supreme Court. This Court on June 5, 1996, issued an Order giving Appellant's attorneys an opportunity to reply to the Attorney General's Response. Owing to a clerical error within the Public Defender's Office which prevented this Court's June 5 Order from being received in a timely fashion, Appellant's attorneys failed to submit a timely reply. As a result, this Court handed down an order dated June 19, remanding Appellant's case to the district court to determine the feasibility of a retrospective competency hearing.

Unknown to this Court, however, Appellant's attorneys filed a Motion for Extension of Time on June 17, 1996, the last possible day the reply could have been filed. *See Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18 App., Rule 1.5. Prior to the delivery of this Motion to the Court, an Order was handed down June 19, 1996. That same day, after this filing was called to this Court's attention, we issued an Order holding our June 19 Order in abeyance and giving Appellant until July 1 to respond. Appellant filed a response on July 1, 1996.

Having reviewed Appellant's response, this Court hereby finds that the **Order Holding Order in Abeyance,** issued by this Court on June 19, 1996, should be **VACATED.** This Court's Order entitled **Order Directing Trial Court to Determine Feasibility of Con-**

ducting Post–Examination Competency Hearing; and, if Feasible, to Conduct Hearing Using Constitutionally Acceptable Standard; Order Modifying Instruction 11–2 in OUJI–CR 2d,** handed down by the Court in the above styled and numbered cause on the **19th** day of **June, 1996,** should be **RELEASED FOR PUBLICATION.** However, some language in Appellant's response merits further discussion.

Appellant contends that as a result of the Supreme Court's decision in his case, there is no option other than to remand his case for retrial. He contends the Supreme Court in its language made a factual determination he was incompetent at the time of his trial. He also contends the Court held the trial judge would have found him incompetent but for the unconstitutionally high burden of proof then required by Oklahoma statute. We do not agree.

The precise issue before the Supreme Court was stated at the conclusion of the recitation of facts and procedural history of the case, where the Court said: "We granted certiorari to review the Court of Criminal Appeals' conclusion that application of the clear and convincing evidence standard does not violate due process. 516 U.S. ——, 116 S.Ct. 282, 133 L.Ed.2d 202 (1995)." *Cooper,* —— U.S. at ——, 116 S.Ct. at 1376. The Supreme Court has previously stated it is "a court of law, ... rather than a court for correction of errors in factfinding." *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 336 U.S. 271, 275, 69 S.Ct. 535, 538, 93 L.Ed. 672 (1949). Therefore, it normally does not review findings of fact.

We see nothing, and Appellant has cited to nothing, indicating it did not follow that pattern here. This general view of the Supreme Court's purpose, combined with the absence of clear language to the contrary in the opinion, leads this Court to believe the Supreme Court made no specific findings concerning whether Appellant was incompetent at the time of trial.

We remand to the district court to make its determination because we have a prior decision made under an erroneous burden of proof. Although the legal precepts are not identical, we find *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (dealing with an erroneous definition of beyond a reasonable doubt) to be instructive. In the present case, as in *Sullivan,* for this Court to conduct a harmless error analysis in its review of the evidence produced during Appellant's competency hearings would be to deprive Appellant of his right under Oklahoma statute to have a trial on the issue by a factfinder using a constitutionally correct burden of proof. Unlike *Sullivan,* however, an incorrect burden of proof concerning competency to stand trial does not directly impact on Appellant's Sixth Amendment right to a trial by jury.

Accordingly, for these reasons and the reasons given in the June 19, 1996, Order released for publication, we have determined it is proper to remand this matter to the district court. The district court shall make a determination whether a retrospective post-examination competency hearing is possible; and if it is possible, to conduct a full competency hearing using the constitutionally acceptable burden of proof.

It is true, as Appellant points out, that the Supreme Court has "repeatedly emphasized the difficulty of retrospectively determining a defendant's competence to stand trial," citing *Drope v. Missouri,* 420 U.S. 162, 183, 95 S.Ct. 896, 909, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 387, 86 S.Ct. 836, 843, 15 L.Ed.2d 815 (1966); *Dusky v. United States,* 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960). However, we find nothing in these cases prohibiting such a hearing. That a procedure may be difficult does not render it impossible. We leave that question to the trial court, who is more familiar with the parties and facts in this case.

Accordingly, **IT IS THE ORDER OF THIS COURT** that the Order Holding Order in Abeyance handed down on June 19, 1996, should be, and the same is hereby ordered **VACATED.** The June 19, 1996, Order remanding to the district court to determine the feasibility of holding a retrospective post-examination competency hearing and modifying OUJI–CR 2d Instruction 11–2, shall be **RELEASED FOR PUBLICATION.** If the district court determines it is feasible to hold

a retrospective post-examination competency hearing, a full hearing shall be held. The district court shall conduct the hearing to determine feasibility to conduct a post-examination competency hearing within thirty (30) days of the date of this order. An order setting out findings of fact and conclusions of law supporting the Court's decision whether it is or is not feasible to conduct a post-examination competency hearing shall be filed with this Court within twenty (20) days after the completion of the hearing. If the district court determines it is feasible to conduct a post-examination competency hearing, the order shall include a schedule setting out time-lines for completion of pre-trial requirements and the date set for the competency trial. Within thirty (30) days after the completion of all district court proceedings resulting from this remand, the district court shall ensure all records, transcripts and orders relating to the proceedings conducted shall be filed with this Court. The attorney of record for each party shall simultaneously file any supplemental pleadings, together with briefs, within thirty (30) days of the filing of the records, transcripts and orders with this Court.

**IT IS SO ORDERED.**

> /s/Charles A. Johnson
> CHARLES A. JOHNSON,
> Presiding Judge

> /s/Gary L. Lumpkin
> GARY L. LUMPKIN, Judge

> /s/James F. Lane
> JAMES F. LANE, Judge

STRUBHAR, J., concurs in result.

CHAPEL, V.P.J., not participating.