**Application of Gunter WINKHAUS et al.**

**Patent Appeal No. 75–611.**

United States Court of Customs and Patent Appeals.

Dec. 18, 1975.

Striker, Striker, Kontler & Stenby, New York City, attys. of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Robert D. Edmonds, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals affirming the rejection under 35 U.S.C. § 102(a) of claims 25, 27, 31–33, and 35 in appellants' application, serial No. 57,080, filed July 22, 1970, for "Process and Apparatus for the Wet Preparation of Substances, such as Minerals and Ores," on a patent to Tusche and the rejection under 35 U.S.C. § 132 of claims 24 and 26 as being drawn to "new matter." We affirm.

### The Invention

All appealed claims are directed to a method of reacting ores and other solids with a wet reagent. Fig. 1 of the application is reproduced below:

Fig 1

In the method, the ore or other solid which is to be reacted is in the form of a liquid suspension of solid particles. At superatmospheric pressure, this suspension is passed in turbulent flow through a long tube, such as 1 in the figure, which has heating zones of successively higher temperature along its length. In the heating zones A, B, and C are the heat-exchange jackets, 3, 3, 4, and 6. During passage through the tube, reaction takes place between the solid particles and a reagent in the liquid. The reacted suspension is discharged from the end of the tube into at least one expansion vessel, such as 2, and cooled by heat exchange. Valuable substances are subsequently recovered from the liquid portion of the suspension. Claim 35, from which all other appealed claims depend, reads:

35. A method of reacting a solid substance and a liquid containing a substance that reacts with at least one of the components of the solid substance which comprises continuously passing a suspension in the said liquid of said solid substance in the form of particles at a superatmospheric pressure through an elongated tubular reactor comprising at least two successively arranged zones at such a flow rate as to maintain the suspension in turbulent flow during its passage through the entire elongated tubular reactor and to maintain the suspension in the said reactor for a residence peri-

od sufficient to complete the desired reaction, indirectly heating the successively arranged zones of the said tubular reactor to subject the suspension flowing therethrough to successively higher temperatures, continuously discharging the suspension from the said tubular reactor into at least one expansion vessel and thereby reducing the pressure of the suspension, cooling the suspension by heat exchange, and subsequently recovering the valuable substances in the liquid portion of the suspension.

Claim 24, from which claim 26 depends, reads:

24. The method of claim 35, which comprises passing the suspension at the end of each separate zone into an expansion zone and utilizing the hot vapors formed in said expansion zone for providing the heat for the preceding heating step.

None of the appealed claims is an original claim.

### The § 102(a) Rejection

The § 102(a) rejection was based on Tusche U. S. patent No. 3,497,317, for "Method for Continuous Extraction of Bauxite in a Tubular Reactor," issued February 24, 1970. Before the board, appellants admitted that their *process is the same* as that of Tusche but argued that their present claims are directed to a "new use" for that old process, specifically its use in reactions *other than* the extraction of bauxite with sodium aluminate lye. (See 35 U.S.C. §§ 100(b) and 101.) To establish that their claims are so limited, appellants relied solely on the following statement in their *specification*:

The invention does not pertain to the extraction of bauxite with sodium aluminate liquor.

The board refused to so limit the claims, saying:

The process of extracting bauxite as taught by Tusche is encompassed by the instant claims. The limitation * * * [above quoted from the speci-

fication] which purports to exclude the process of extracting bauxite is not found in the claims. Limitations found in the specification but not in the claims are not read into the claims; see *Graver Tank and Manufacturing Co. Inc. v. Linde Air Products Co.*, 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672, 80 USPQ 451 and *In re Cook and Merigold*, 169 USPQ 298, 58 CCPA 1049, 439 F.2d 730.

### The § 132 Rejection

In rejecting claims 24 and 26 as being drawn to "new matter," the examiner stated that there is "no basis" in the specification for the step in the claims of "passing the suspension at the end of *each* separate zone into an expansion zone and utilizing the hot vapors formed in said expansion zone for providing the heat for the preceding heating step." (Our emphasis.) In sustaining this rejection the board stated:

Appellant concedes that the specification as filed does not disclose passing the reaction slurry into an expansion zone at the end of each separate zone. The argument that such an expedient is possible or is rendered obvious by the specification is without merit. The expedient was not disclosed in the specification as filed. Accordingly, its introduction after the filing of the application introduces new matter.

### OPINION

■ The board properly found claims 25, 27, 31–33, and 35 to be anticipated under § 102(a) by the admittedly identical process disclosed in the Tusche patent. Appellants' claims place no limitation on what kind of substances may be employed in their process. As we have often held, we will not read into claims in pending applications limitations from the specification. *In re Prater*, 415 F.2d 1393, 56 CCPA 1381 (1969), and cases there cited.

■ We also affirm the rejection of claims 24 and 26 under § 132 as being drawn to "new matter"; the board prop-

**640**

erly found that appellants' original specification did not disclose the step of passing the reacting suspension into an expansion zone at the end of *each* heating zone and using the hot vapors from the expansion for heating the preceding heating zone. Admitting that their specification as filed does not explicitly disclose that step, appellants argue that sufficient disclosure can be found in their recital therein of expanding the reacted suspension *at the end* of the reaction tube, of heating with hot vapors obtained by such expansion, and the recital that the temperature of the suspension is higher when it leaves a heating zone than when it enters it. We do not agree this is sufficient. Although it may be *apparent*, as appellants argue, that the vapors of the reaction mixture at the end of a given heating zone *could* be utilized for heating the mixture flowing through this zone, that does not mean that such a step is *described* as part of their invention. That a person skilled in the art might realize from reading the disclosure that such a step is *possible* is not a sufficient indication to that person that that step is part of appellants' invention. Such an indication is the least that is required for a description of the invention under the first paragraph of § 112. See *In re Smythe*, 480 F.2d 1376 (CCPA 1973). Claims added by amendment and drawn to an invention not so described in the specification are drawn to "new matter" and prohibited by § 132.

The decision of the board is *affirmed*.

*Affirmed.*