**In the Matter of the APPLICATION of Roger M. FARROW et al.**

**Patent Appeal No. 76–662.**

United States Court of Customs and Patent Appeals.

May 12, 1977.

final judgment or order of the Customs Court within sixty days after entry of the judgment or order.

Richard P. Crowley, Boston, Mass., attorney of record, for appellants.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Jere W. Sears, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and SHIRO KASHIWA, Judge, United States Court of Claims.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office (PTO) Board of Appeals (board) affirming the rejection of claims 16–33 of appellants' application serial No. 469,295, filed May 13, 1974, for reissue of their patent No. 3,767,054, entitled "A Filter Tube Containing a Self-Sealing Filter Tube." We reverse.

### The Invention

The appealed claims are directed to a cartridge filter, a method of sealing a filter tube in a filter tube cartridge, and a filter assembly. Appellants state that they have discovered "that a self-supporting, fibrous filter tube * * * may be sealed about its peripheral edges without the requirement of a sealing gasket." As described in the original patent, the seal is made by compressing each end of the filter tube against the inner face of an end cap, thus crushing or densifying the filter tube fibers thereabout so that a seal is formed. The end caps are among several "disc elements" which are stacked to construct a "support core" about which the filter tube is disposed. Fig. 1 of the drawings illustrates the types of disc elements which go to make up the "support core" (some reference numerals have been deleted for clarity):

FIG. 1

Disc elements 12 and 16 are the end caps. While only one each of disc elements 12, 16, and 18 are used to construct the "support core," this is not so of disc element 14, a plurality of which may be stacked in interlocking relationship to form a core of any length. Fig. 13 shows a "support core" 100 made by so stacking these disc elements (again, some reference numerals have been deleted for clarity):

FIG. 13

Fig. 14 shows a filter cartridge with the "support core" of Fig. 13 and a semi-rigid filter tube 112 disposed thereon (some reference numerals deleted):

FIG. 14

The shaded end areas 114 indicate the densification associated with the axial compression of the filter tube 112. Typically, in use, the core and external filter tube are surrounded by an external housing.

Appellants' main problem with the PTO arises because their reissue claims are so drafted that they do not expressly refer to a "support core," as did the claims of the original patent. Claim 16 is representative of the reissue claims:

16. A cartridge filter, which filter comprises in combination:

(a) a semirigid, cylindrical, porous filter tube, the tube composed of a plurality of overlapping nonwoven fibers having an average diameter of from about 0.001 to 10.0 microns, the fibers having interstices therebetween to define the porosity of the tube, the fibers containing at the junctions of the fiber crossovers a hardened material to provide a semirigid, self-supporting structure throughout the body of the filter tube, the fibers at the peripheral edge of each end of the filter tube adapted to be compressed together into a sealing relationship upon the application of an axial force;

(b) elements positioned at each end of the filter tube, the elements having flanges extending outwardly at least the thickness of the filter tube, at least one of said elements characterized by an aperture therein to permit a fluid to be introduced into or withdrawn from the interior of the filter tube, the flanges each having a facing surface which abutts [sic] each edge of the ends of the filter tube, at least one of which end elements is adjustable for axial movement in relationship to the filter tube, and at least one of each end elements is adapted to be removed to permit the removal and replacement of the filter tube, the fibers across the entire edge width of the filter tube and adjacent each facing surface compressible about the periphery by axial force due to the axial movement and position of the end elements, the fibers compressible together by being forced against the facing surface of each flange in the immediate peripheral region adjacent to the facing surface of each flange to provide a peripheral fluid-tight

seal between the facing surfaces and the body of the filter tube; and

(c) means to move axially at least one of the end elements in relationship to at least one end of the filter tube, whereby an axial force may be applied to compress the fibers together into a fluid-tight seal to the end element.

This claim may be compared with claim 1 of the original patent:

1. A cartridge filter, which filter comprises in combination:

a. a rigid, cylindrical, porous support core characterized by an axial flow passage therethrough, and further characterized by a plurality of flow passages on the cylindrical wall of the core, which flow passages provide communication between the axial flow passage and the outer wall of the support core;

b. a semirigid, cylindrical, unitary, porous, filter tube, the tube composed of a plurality of overlapping nonwoven fibers having an average diameter of from about 0.001 to 10.0 microns, the fibers having interstices therebetween to define the porosity of the tube, the fibers containing at the junctions of the fiber crossovers a hardened material to provide a semirigid, self-supporting structure throughout the body of the filter tube, the filter tube disposed in a close-fitting relationship surrounding the support core, the fibers at the peripheral edge of each end of the filter tube adapted to be compressed together into a sealing relationship upon the application of an axial force; and

c. end elements positioned at each end of the support core, the elements having outwardly extending flanges thereon extending outwardly from the surface of the core at least the thickness of the filter tube, the flanges each having a facing surface which abutts [sic] each edge of the ends of the filter tube, at least one of which end elements is adjusted in relationship with the support core for axial movement in relationship to the support core, and at least one of each end elements is adapted to be removed from the support core to permit the removal and replacement of a filter tube on the support tube, the fibers across the entire edge width of the filter tube and adjacent each facing surface compressed about the periphery by axial force due to the axial movement and position of the end elements, the fibers compressed together by being forced against the facing surface of each flange in the immediate peripheral region adjacent to the facing surface of each flange to provide a peripheral fluid-tight seal between the facing surfaces, and the body of the filter tube.

### The Rejections

All claims stand rejected under 35 U.S.C. § 251 as being drawn to new matter. The examiner stated, and the board agreed, that "the original disclosure including the claims as originally submitted do not provide for a combination excluding a support core * * or even for a combination with an alternative to the support core." The examiner added that the "support core" is "considered essential by the original disclosure," a finding echoed by the board.

The examiner also rejected all the claims under 35 U.S.C. § 112 "as being unwarranted by the disclosure and indefinite." The board took this to amount to two rejections, one under the first paragraph of 35 U.S.C. § 112 (hereinafter "112–1") and one under the second paragraph (hereinafter "112–2"). In affirming the rejection under 112–1, the board stated that the specification of the original patent was *not enabling* as to the appealed claims, "which eliminate the use of a support core in conjunction with the filter tube." The board pointed out that the specification of the original patent "is replete with statements indicating that the support core is an essential and necessary element of the invention." It will be noted that this rejection is for the same reason as the "new matter" rejection made under § 251.

In affirming the rejection under 112–2, the board saw "the means limitation embodied in part (c) of the claims as improper

and indefinite," for the reason that the claims are drawn "to a product or stock article which is a filter assembly," as opposed to an apparatus. The board found claim 33 to be improper and indefinite for an additional reason, stating that "we do not know what appellants mean by the term 'filter fluid'." [1]

## OPINION

We find that there is adequate support for the appealed claims. We note, first, that it is undisputed that those claims may be read on the disclosure of the original patent. The examiner stated in his Answer that the "support core" of the original patent is "broadly encompassed by the present reissue * * * claims." Thus the new matter rejection, as we understand it, seems to stem from the PTO's perception that the support core is described in the original patent as being necessary *as a support core,* as opposed to its other function as the means for compressing the ends of the filter tube. As the solicitor's brief puts it: "The critical omission is not an element, but rather a limitation upon or capability of a recited element," i. e., there is "no assurance" of "radial support for the filter tube along its length."

As the board pointed out, the original patent does state that the "support core" described therein "is particularly adapted for use in supporting disposable filter tubes." However, the original patent also states:

Another distinct advantage of our support core comprises a support core *design* which permits a rapid and effective fluid-tight seal to be made between the support core and the ends of the semirigid filter tube employed with the support core. This *unique sealing feature* is ac-complished by *designing* the support core so that the one or more ends of the support core are adjustable inwardly after the insertion of the filter tube, so that the filter material adjacent the ends is compacted, densified or crushed in a manner sufficient to make a fluid-tight seal by the inward movement of the retaining core ends. This *design of the core and technique* avoids the absolute necessity of employing gaskets, sealants and the like in such filter assemblies. Where flexible cloth filter bags or fluted-type filter cartridges are employed, such axial compression is typically not possible without the necessity of employing additional sealing techniques. Our porous support core in combination with a semirigid or rigid filter tube *permits the technique of axial compressing of the filter to be effective on our core.* [Emphasis ours.]

A great amount of the specification is devoted to describing the construction of the core, of course, but also to describing the filter tubes employed with it and the mechanism by which their sealing is effected. Nowhere, however, is the *support function* of the "support core" stated to be necessary to the cartridge filter or filter assembly described. The original patent states that "In combination with our support core, a disposable semirigid filter tube may be employed in filtering processes of high pressure differentials." But the cartridge filter and filter assembly are not described as only for operation at high pressure differentials; the original patent notes that the prior art generally employed filter tubes "alone or disposed about a permanent support core," the support core function becoming necessary "where the pressure drop across the filter tube when in service is expected to exceed the strength of the filter tube itself." The specification of the

---

1. Claim 33, with the questioned phrase underlined, is reproduced below:

    33. A filter assembly which comprises:
    (a) an external filter housing;
    (b) the cartridge filter of claim 16 disposed within the housing to form a filter assembly;
    (c) means to introduce a fluid to be filtered or to withdraw a <u>filter fluid</u> from the external housing exterior of the filter cartridge;
    (d) means to introduce a fluid to be filtered or to withdraw a filtered fluid from the interior of the filter cartridge; and
    (e) means to place the aperture of at least one element in a fluid-tight manner within the external housing.

original patent provides no reason to believe that the cartridge filter and filter assembly described are any different from the prior art filters and assemblies with respect to the conditions of use, under some of which the filter tubes would require support. The solicitor's argument otherwise is unfounded. Thus, the support function of the support core does not appear to have been described as essential to the invention described in the original patent. While the original patent is "replete" with references to the support core, what is described is a structure which performs the function of supporting the filter tube when the pressure differential is such that support is needed, and which also performs the function (recited in the appealed claims) of providing the means by which the advantageous sealing mechanism is effected, a function which is necessary to the invention described under all operating conditions.

We find, then, that the original patent adequately conveyed to those skilled in the art the information that appellants had made the invention they now claim, thus satisfying that requirement of 112–1. *In re Smythe,* 480 F.2d 1376, 178 USPQ 279 (Cust. & Pat.App. 1973). The board's reliance on *In re Winkhaus,* 527 F.2d 637, 188 USPQ 129 (Cust. & Pat.App. 1975), is misplaced; we are not dealing with what those of skill in the art might perceive as *possible* in addition to what appellants have disclosed, but what they did in fact disclose.

Our above conclusion disposes of the rejections made under § 251 and under 112–1. As to the rejections under 112–2, we find that they are not well founded.[2] No authority is offered for the board's objection to the means limitation in part (c) of the claims. The third paragraph of 35 U.S.C. § 112 clearly sanctions the use of means-plus-function limitations in claims drawn to a "combination," and does not distinguish between claims drawn to apparatus or articles of manufacture. As to the additional objection to claim 33 under 112–2, it is manifest that "filter fluid" means "filtered fluid," even if not written in that form. The examiner recognized this when he noted in his Answer that "In claim 33, line 6, the term 'filter' should be an adjective." Being intelligible, the claim is not indefinite.

The decision of the board is *reversed.*

*REVERSED.*

---

2. We do not agree with the solicitor's argument that this issue must be deemed to have been abandoned by appellants. The issue was specifically raised in their Reasons of Appeal and argued in their reply brief. To deem appellants to have abandoned this issue would be tantamount to dismissing the entire appeal. This we decline to do under the circumstances here.