KELLING NUT CO., APPELLEE, *v.* BARROW, APPELLANT.

(No. 7950—Decided December 20, 1954.)

*Mr. Bernard L. Rosenberg,* for appellee.

*Mr. John C. McCarthy,* for appellant.

MATTHEWS, P. J.   This appeal, on questions of law only, involves the interpretation and application of Section 1335.03, Revised Code (Section 8619, General Code), by which it was enacted that:

"When goods and chattels remain for five years in the possession of a person, or those claiming under him, to whom a pretended loan thereof has been made, such goods and chattels become the property of such person, unless a reservation of a right to them is made to the lender in writing, and the instrument recorded

within six months after the loan is made, in the office of the county recorder of the county where one or both of the parties reside, or unless such instrument is filed as provided in Sections 1319.01 to 1319.05, inclusive, of the Revised Code.

"A loan of goods and chattels made to an art museum association within this state may have such reservation of a right to them made and recorded at any time within five years from the date of the loan."

. The bill of exceptions is limited to statements of counsel in narrative form and one exhibit upon which the Municipal Court of Cincinnati rendered the judgment for the plaintiff, from which this appeal was taken by the defendant.

From the bill of exceptions it appears that the plaintiff's method of doing business of selling nuts included the utilization of vending machines which it leased to customers. On April 18, 1939, it entered into a written lease agreement with one Kinross, whereby in consideration of the payment of $60, it agreed to and did deliver and lease to him one 1939 6 Pan Model Twin Shelf 26½-inch Nut Machine. The lease contained many provisions defining the rights and duties of the parties. As to the terms of the lease it was provided that, "this agreement shall continue for the period of five years from the date of its acceptance by lessor and shall remain in effect from year to year thereafter until such time as lessee shall have given lessor 30 days written notice or lessor shall have given lessee six months notice of intention to terminate it."

This lease was not filed or recorded in any public office.

This machine remained in the possession of the lessee until February 28, 1948, when he sold and delivered it to the defendant, Barrow, who likewise operated a pharmacy. For some time immediately after

the machine was delivered to Kinross, he used it as in-
tended, but later finding that the demand among his
customers for the kind of nuts supplied by plaintiff
was not sufficient to justify the display of the ma-
chine, he told a salesman of the plaintiff thereof and
requested him to remove the machine, and, upon plain-
tiff's failure to do so, he stored the machine in his
basement. This took place less than five years from
the signing of the lease. It is not claimed that any
written notice of the intent to terminate the lease was
given, as required by its terms.

At the time Kinross transferred his interest in the
machine, the plaintiff took notice of the transfer and
notified Kinross that the machines were never sold,
that they were leased for the sale and display of the
plaintiff's product—Double Kay Nuts—and that it
was glad to transfer the right to use the machine with-
out charge. Finally, the plaintiff learned that the de-
fendant was using the machine to display and sell nuts
furnished by competitors under the plaintiff's name.
Thereupon, the plaintiff demanded possession, and,
upon refusal, this action in replevin was filed.

The question presented by this record is whether
the transaction between these parties, whereby this
machine was delivered to Kinross and later delivered
by him to the defendant, comes within the meaning of
the phrase, ''pretended loan,'' as it is used in Section
1335.03, Revised Code, hereinbefore quoted.

Appellant's counsel relies exclusively upon the case
of *Richter & Phillips Co.* v. *Queen City Mfg. Co.,* 156
Ohio St., 143, 101 N. E. (2d), 291. It is true that there
are features of similarity in the two cases, but on the
matter of the relation between the parties, the cases
are entirely dissimilar. The court quoted from the
testimony of the plaintiff's secretary to show that the
parties themselves considered the transaction as a

loan. In contrast, we find that at all times the plaintiff in the case at bar always insisted that the arrangement was a lease. And the evidence justified the plaintiff in that insistence. It was a lease for a definite term, renewable and terminable upon certain stipulated conditions for a cash consideration and the promise to replenish the machine with nuts purchased from plaintiff.

There is no evidence of fraud or that the transaction was other than what it purported to be.

Upon the subject of the construction and application of former Section 8619, General Code (now Section 1335.03, Revised Code), see 21 Cincinnati Law Review, 308.

We, therefore, conclude that the title to this machine was never parted with by the plaintiff, that Section 1335.03, Revised Code, did not apply to the transaction, and that the law did not require any writing to evidence such transactions and, of course, did not require the writing that does evidence this transaction to be filed or recorded.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.