**In the Matter of Thomas R. Le MIEUX,**
**Bankrupt.**

**No. 3-73 BKY 190.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 24, 1973.

C. E. Von Feldt, St. Paul, Minn., appeared for the trustee.

Faegre & Benson, by Rodger L. Nordbye, Minneapolis, Minn., appeared for petitioner Security National Bank of Faribault.

NEVILLE, District Judge.

Petitioner Security National Bank of Faribault, Minnesota seeks review of an order of the Referee in Bankruptcy holding that a truck with tank used by the bankrupt in his milk-hauling business was "inventory" and that if not the bankrupt was an "organization" within the meaning of the Minnesota Uniform Commercial Code, Minn.Stat. 336.9—401 so as to require the filing by the bank of its financing statement securing its loan with the Secretary of State of Minnesota rather than, as it did, with the Register of Deeds of the county of the bankrupt's residence.

The facts as stipulated by the parties indicate that the bankrupt was an independent contractor engaged in the contract hauling of raw milk for farmers in four or five counties in Minnesota; that the personal property here in question was used by him in his business; that at all times relevant in this proceeding

the bankrupt was a resident of Faribault, Rice County, Minnesota; that a financing statement pledging the personal property here in question to secure a loan duly executed by Security National Bank and the bankrupt was filed with the Register of Deeds in Rice County, Minnesota; and that no financing statement was filed with the Secretary of State of the State of Minnesota. The Minnesota Uniform Commercial Code, Minn.Stat. § 336.9—401 reads in relevant part:[1]

> (1) The proper place to file in order to perfect a security interest is as follows:
>
> > (a) When the collateral is . . . consumer goods, or motor vehicles *which are not inventory*, then in the office of the register of deeds in the county of the debtor's residence if the debtor is an individual who is a resident of this state but if the debtor . . . is a corporation, partnership or *other organization* then in the office of the secretary of state . . . [emphasis added]
> >
> > (c) In all other cases, in the office of the secretary of state.

On the foregoing facts the Referee in Bankruptcy found that the tank truck was "inventory", but that if not, then the bankrupt was an "organization", and that for either or both of these reasons the financing statement should have been filed with the Secretary of State and not with the Register of Deeds in Rice County. As a consequence of the improper filing, the Referee held the alleged lien invalid and that the Trustee in Bankruptcy was entitled to the escrowed proceeds of the sale of the tank truck in the amount of $19,500 free and clear of any lien on the part of Security National Bank.

■ In reviewing an order of the Referee in Bankruptcy, this court should not reverse or set it aside as to factual

findings unless clearly erroneous. In Re Naftalin & Co., 333 F.Supp. 136, 140 (D.Minn.1971). Where there is no factual dispute, however, but purely a question of law, as is here involved, the standard is not so stringent nor so high.

■ In support of his finding that the truck was inventory, the Referee cited no cases and noted that counsel had been unable to find any controlling authority, but relied on the definition of inventory in Minn.Stat. § 336.9—109 that "[g]oods are 'inventory' if they are held by a person who holds them for sale or lease or to be furnished under contracts of service or if he has so furnished them . . . ." It is conceded that the tank truck was not held "for sale or lease", but the Referee found that it had been "furnished under contracts of service." It is the opinion of this court that the meaning of "furnished under contracts of service" cannot be so broadly construed as to include the tank truck in question here. To be sure, the truck was utilized by the bankrupt under a contract of service; but it cannot be said that the truck was *furnished*, which term implies some transfer from the debtor to his customer of rights to possession and/or use. Comment 3 to Section 9—109 of the 1962 Official Text of the Uniform Commercial Code makes clear that a transaction having at least some of the characteristics of a sale is contemplated by the word "furnished". No such sale-like transaction is involved here. The truck is more in the nature of equipment and was used merely to haul milk belonging to the bankrupt's customers for his own profit, and always remained in the exclusive control of the bankrupt; no right of control over the truck ever passed to the customers. Comment 3 cited above provides further support for this result in its statement that the definition of "inventory" (in situations where the goods are not equipment nor held for sale) includes "one class of goods which is not held

---

1. It should be noted that Minn.Stat. 336.9—401(1) has no counterpart in the 1962 Official Text of the Uniform Commercial Code, but is similar in some respects to the Second Alternative 9—401(1).

for disposition to a purchaser or user . . . .", i. e., "[m]aterials used or consumed in a business . . . used up or consumed in a short period of time in the production of some end product." The implication of the statement is that all other classes of goods in order to be inventory must be "held for disposition to a purchaser or user", although such disposition need not have all the formal trappings of a sale. Thus, it seems clear that the bankrupt's truck, since it was not to be incorporated into some end product and was not "held for disposition to a purchaser or user", was not inventory, and the finding of the Referee is accordingly in error and reversed.

 The above however, does not dispose of the case. The classification of the tank truck is immaterial if the debtor is, to quote Minn.Stat. § 336.9— 401(1)(a), "a corporation, partnership or *other organization*". Financing statements regarding such debtors must in any event be filed with the Secretary of State in order to become perfected as a lien. The Referee found that the bankrupt, an independent contractor in the business of hauling milk, was "an individual in business operating a legal or commercial entity" and thus within the definition of "organization". "Organization" is defined in Minn.Stat. § 336.- 1—201(28) as "a corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, two or more persons having a joint or common interest, or any other legal or commercial entity." Petitioner argues strenuously against the proposition that the bankrupt, on becoming an individual contract milk hauler, with no employees automatically changed status from an "individual" to an "organization". This court finds that the result reached by the Referee is not supported by the language of the Code. It seems clear by Minn.Stat. § 336.1—201(28) that by "organization" the drafters of the Code contemplated an entity or interest that comprised a group or had some existence apart from or independent of, the individuals involved. That an individual was not meant to be an organization, within the meaning of the Code, is made clear by Official Comment 28 to Minn.Stat. § 336.1—201 which states that the definition of "organization" is "the definition of every type of entity or association, *excluding an individual,* acting as such". [Emphasis added] That the draftsmen of the Code intended to distinguish between individuals and organizations is also shown by the use of the disjunctive in the Code's definition of "person" in Minn.Stat. § 336.1—201(30) as "an individual *or* an organization". [Emphasis added]

While research discloses no reported cases dealing squarely with this issue, the court's attention has been directed to In Re Eichler, 9 UCC Reporting Service 1400 (E.D.Wis.1971). In *Eichler,* the financing statement had been filed against a trade name under which the debtors, husband and wife, had been doing business. The secured party, faced with a line of decisions holding that filing under a trade name was inadequate and that filing must be done under the name of the individual debtor (In Re Thomas, 310 F.Supp. 338 (N.D. Cal.1970); In Re Osborn, 6 UCC Reporting Service 227 (W.D.Mich.1969); In Re Levins, 7 UCC Reporting Service 1076 (E.D.N.Y.1970); In Re Brawn, 7 UCC Reporting Service 565 (D.Me. 1970)), argued that use of the trade name created an entity separate from the individual debtors, which entity qualified as an "organization", and hence, the financing statement was properly filed in the name of the organization. The facts in *Eichler* certainly weighed more heavily than those in this case in favor of finding an "organization": the business was not conducted under the names of the individual debtors but rather under a trade name, and further the business consisted of two individuals, husband and wife, not just

one. Nevertheless, the court declined to find an "organization", saying at 1405:

> The court is of the opinion that "Carriage Card and Record Shop" is not an organization within the meaning of the statute cited, but a trade name used by the bankrupts. The use of the assumed name created no separate entity apart from the individual debtors.

This court does not believe it can find an "organization" on the much weaker set of facts presented here than in *Eichler*.

Further evidence against the Referee's position can be found in a close analysis of Minn.Stat. § 336.9—401(1), which, as pointed out above, has no counterpart in the 1962 Official UCC Text. That Section enumerates both "consumer goods" and "motor vehicles which are not inventory" as classes of financing statements which must be locally filed in the County of the debtor's residence. Since the definition of consumer goods in Section 336.9—109 covers any motor vehicle used for personal or family uses, the Code must contemplate local filing for some commercially used motor vehicles if the additional reference to "motor vehicles which are not inventory" is anything more than mere surplusage. However, if one were to accept the Referee's definition of "organization" as used subsequently in Section 336.9—401(1), any owner of a motor vehicle who used it for commercial purposes would automatically become an "organization" and thus required to file with the Secretary of State. Such a result is not warranted by the language of the Code, which, it would appear, contemplates local filing for motor vehicles used by individuals even though engaged in business, as was the case here.

` This court holds that the Referee in Bankruptcy was in error both with respect to his finding that the truck was "inventory" and with respect to his alternate finding that the bankrupt was an "organization." The collateral here involved was an individually owned motor vehicle not inventory, and thus the financing statement was properly filed with the local Register of Deeds. Accordingly, the lien of Security National Bank is valid, and the proceeds from the sale of the truck, amounting to $19,500.-00 now in the hands of the Trustee, are subject thereto. A separate order reversing the order of the Referee in Bankruptcy dated July 12, 1973 has been entered.