In re SCHWEN'S, INC., Bankrupt.

**GEORGE BENZ & SONS, d/b/a Oak Grove Dairy, Plaintiff,**

**v.**

**Thomas G. LOVETT, Jr., Trustee of Bankrupt Estate of Schwen's, Inc.; American Insurance Company; and James H. Levy, Defendants.**

**BKY 2–75–575(C).**
**Civ. 4–80–114.**

United States District Court,
D. Minnesota,
Fourth Division.

April 15, 1982.

---

David F. Herr, Maslon, Edelman, Borman, Brand & McNulty, Minneapolis, Minn., for defendant James H. Levy.

Paul J. Scheerer, Dorsey & Whitney, Minneapolis, Minn., for defendant Thomas G. Lovett, Jr., trustee of bankrupt estate of Schwen's, Inc.

Jerome B. Simon, Maun, Green, Hayes, Simon, Murray & Johanneson, St. Paul, Minn., for defendant American Ins. Co.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

### FACTS

This matter is before the Court on the plaintiff's appeal and defendant Thomas G. Lovett's cross-appeal from the United States Bankruptcy Court's findings of fact and conclusions of law dated September 30, 1981, 19 B.R. 681 (Bkrtcy.). The bankruptcy court had before it two adversary cases commenced by George Benz & Sons, d/b/a Oak Grove Dairy (Benz), a scheduled secured creditor of debtor-bankrupt Schwen's, Inc. The first matter was an administrative claim filed by Benz on September 2, 1976, for damages which were allegedly caused by the negligence of the then Receiver-Trustee James H. Levy (Levy) in selling and removing fixtures and in failing to heat, insure, or secure the buildings under his supervision. Benz amended its claim September 2, 1977, to assert that Benz owned the fixtures and increased its damage claim. Levy filed objections to this administrative claim.

The second matter before the bankruptcy court was an adversary action Benz filed against Thomas G. Lovett, Jr. (Lovett), who succeeded Levy as trustee of the bankruptcy estate, and against Levy and American Insurance Company. Benz sought damages for waste to and conversion of Schwen's mortgaged real estate allegedly committed while Levy was the Receiver-Trustee. Lovett filed a counterclaim against People's Savings and Loan, another scheduled secured creditor whose interest Benz now owns.

James J. Ryan, Thomas, King, Swenson, Collatz & Ryan, P. A., St. Paul, Minn., for plaintiff.

The bankruptcy court consolidated these two matters for trial because they contained similar issues of fact and law. The scope of the trial was established by the Court's Order dated June 6, 1980, in which the bankruptcy court was ordered to determine the following issues:

A. Which, if any, of the items sold by the trustee were fixtures;

B. When the fixtures, if any, were (a) sold and (b) removed from the property;

C. The measure of plaintiff's damages, if any, arising out of the sale and removal of fixtures from the premises;

D. Whether plaintiff is entitled to compensation for the purported negligence of the trustee, arising out of the trustee's alleged failure to heat, insure, and secure the premises.

Following approximately two weeks of trial which began on June 10, 1981, the bankruptcy court issued extensive findings of fact and conclusions of law on September 30, 1981. The bankruptcy court found some pieces of manufacturing equipment to be fixtures and several other pieces of equipment to be personal property. The bankruptcy court found the plaintiff's damages to be $26,515 plus any amounts established by affidavit that were due because of the removal of certain equipment items. The plaintiff failed to file any affidavits. The bankruptcy court also found that defendant Levy had acted in a reasonable, prudent manner in exercising his duties as Receiver-Trustee and therefore Levy was not negligent. In addition, the court found that the plaintiff had failed to provide any evidence concerning individual items of damage caused by the removal of equipment.

Appellant Benz appeals the bankruptcy court's findings on the grounds that all the pieces of equipment used in the ice cream manufacturing process were fixtures to which Benz was entitled and that Levy was negligent in his duties. Cross-appellant Lovett also appeals on the grounds that all the plaintiff's claims should be dismissed because of alleged irregularities with some of the plaintiff's evidence.

DISCUSSION

In reviewing an order of the bankruptcy court, the Court is functioning in an appellate capacity. Bankruptcy Rule 810 provides that a reviewing court shall accept the bankruptcy court's findings of fact "unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge of the credibility of the witnesses." The United States Court of Appeals for the Eighth Circuit has commented on this standard as follows:

Unless we determine that these findings by the district court are clearly erroneous, we are bound to uphold its decision. And a finding of fact is only deemed clearly erroneous if it is not supported by substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made.

*Southern Illinois Stone Company v. Universal Engineering Corporation*, 592 F.2d 446, 451 (8th Cir. 1979).

The clearly erroneous standard applies only to factual disputes, and a less stringent standard applies to questions of law or to legal conclusions to be drawn from the facts. *In re LeMieux*, 362 F.Supp. 1040, 1042 (D.Minn.1973); *In re Naftalin & Co., Inc.*, 333 F.Supp. 136, 140 (D.Minn. 1971). However, the Court should not overturn the bankruptcy court's findings merely because the Court would have reached a different result if the issue had been originally tried before it. In order to overturn the bankruptcy court's findings, the Court must be convinced that a mistake has been made.

After thoroughly reviewing the files, records, and memoranda submitted by the parties, the Court is convinced that both the appellant and cross-appellant have failed to carry their burdens. They have failed to establish that the bankruptcy court's order is clearly erroneous or that a mistake has been made.

## 1. *Fixtures*

■ In Minnesota an object is a fixture if it is annexed, actually or constructively, to the realty with an intent that it be a permanent part of the realty. In making this determination, a court can consider evidence such as "the fact and character of annexation, the nature of the thing annexed, the adaptability of the thing to the use of the land, ... the end sought by annexation, and the relation of the party making it to the freehold." *Wolford v. Baxter*, 33 Minn. 12, 21 N.W. 744 (1884).

■ Minnesota has followed the trade fixtures rule in the past. This rule permits trade fixtures to be removed no matter how permanently attached to the realty so long as such removal does not result in serious or permanent injury to the freehold. *Kenneally v. Standard Electronics Corporation*, 364 F.2d 642, 646 (8th Cir. D.Minn.1966). In *Kenneally*, the court held that property that was attached by bolts, duct work, and electrical conduit in a leased building and that was covered by a chattel mortgage executed after the property was installed was personalty. *Id.* Physical attachment alone was not determinative of the property's character.

■ The Court finds that appellant Benz has failed to demonstrate that the bankruptcy court's findings concerning fixtures are clearly erroneous. None of the items found to be personal property were actually or constructively attached to the realty in such a way as to make them a permanent part of the realty. Appellant Benz has confused the interconnection of the ice cream making equipment with attachment to the realty.

Contrary to appellant Benz's contention, the bankruptcy court considered proper factors in deciding whether the items were fixtures. The bankruptcy court examined the custom within the industry, the owner's intent as evidenced in its financial records, the type of equipment, its size, weight, interchangeability, and method of attachment—all elements considered crucial by Minnesota courts. *See, e.g., Wolford v. Baxter*, 33 Minn. 12, 21 N.W. 744 (1884).

Appellant Benz mistakenly relies on *Abex Corporation v. Commissioner of Taxation*, 295 Minn. 445, 207 N.W.2d 37 (1973) in which the court defined fixtures for taxation purposes under a specific statute. The court held that the foundry equipment at issue was a fixture under Minn.Stat. § 272.-03(1) because it was ponderous and had been annexed with the intent to make a nontemporary accession to the freehold. *Id.* 207 N.W.2d at 49. The appellant, however, ignores key differences between the *Abex* facts and the facts of the present case. Most importantly, Benz ignores the limiting language of the case itself. The court repeatedly emphasized the significance of the statute at issue in *Abex*. The court stated that a tax statute must be strictly construed, that the presumption is against exemption, and that the burden of proof is on the party seeking exemption to establish that he is entitled to it. *Id.* 207 N.W.2d at 41. Thus, since fixtures were taxable but personal property was not, the property owner had a heavy burden to carry to establish an exemption for its machinery and equipment. In addition, the equipment at issue was apparently much more ponderous than most, if not all, the equipment involved in the present case.

## 2. *Liability of Receiver-Trustee Levy*

■ A trustee, not the creditor, has a duty to protect and conserve the property in his possession for the benefit of the creditors. *In re Halux, Inc.*, 665 F.2d 213, 216 (8th Cir. 1981). A trustee must exercise reasonable diligence in the performance of his or her duties in administering the bankrupt's estate for the creditors' benefit. *Carson, Pirie, Scott & Co. v. Turner*, 61 F.2d 693, 694 (6th Cir. 1932). A trustee who fails to exercise such diligence must account for any assets which were harmed due to the trustee's negligence. *Id.* The standard or measure of care required is that of an ordinarily prudent person in the conduct of his or her private business under similar circumstances and with a similar goal. *In re Johnson*, 518 F.2d 246, 251 (10th Cir. 1975).

Appellant Benz claims Levy was negligent by failing 1) to give notice to the mortgagees of the proposed sale of machinery and equipment, 2) to file a timely and complete report of the sales of equipment, and 3) to heat the building and supervise the drainage of pipes.

The Court finds that the appellant has failed to demonstrate that the bankruptcy court's findings concerning Levy's performance were clearly erroneous or mistaken. The appellant received sufficient notice of the proposed sale of the ice cream manufacturing equipment. The appellant has also failed to demonstrate that Levy was negligent in filing reports and that this negligence harmed Benz. More importantly, appellant Benz failed to establish that any damage due to water pipes breaking was caused by any negligent act of Levy. The testimony of one of Benz's own key witnesses is contradictory and fails to establish that the damage even occurred while Levy was in possession.

3. *Evidentiary Problems*

Cross-appellant Lovett asserts that Benz's complaint should be dismissed because there is some indication of irregularities concerning certain evidence. The Court finds that the bankruptcy court properly gave less weight to evidence that lacked credibility. The bankruptcy court was in the best position to make such judgments. The cross-appeal of Lovett is denied.

Accordingly, IT IS ORDERED that the United States Bankruptcy Court's findings of fact and conclusions of law dated September 30, 1981, are hereby affirmed.