693 F.2d 48
 In re SCHWEN'S, INC., Bankrupt;
GEORGE BENZ & SONS, d/b/a Oak Grove Dairy, Appellant,
v.
Thomas G. LOVETT, Jr., Trustee of the Bankrupt Estate of
Schwen's, Inc.; American Insurance Company; and
James H. Levy, Former Trustee, Appellees.
 No. 82-1515.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1982.
Decided Nov. 18, 1982.
 
 Dorsey & Whitney, Paul J. Scheerer, Joseph H. Andersen, Minneapolis, Minn., for appellee Thomas G. Lovett, Trustee of Bankrupt Estate of Schwen's, Inc.
 James J. Ryan and Carl A. Swenson, Thomas, King, Swenson, Collatz & Ryan, P.A., St. Paul, Minn., for appellant.
 Maslon, Edelman, Borman, Brand & McNulty, David F. Herr, Minneapolis, Minn., for appellee James H. Levy.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and DUMBAULD,* Senior District Judge.
 PER CURIAM.
 
 
 1
 This is an adversary proceeding under the Bankruptcy Act of 1898, as amended. The plaintiff, George Benz & Sons, is a secured creditor of the bankrupt, Schwen's, Inc., a maker of ice cream in Blue Earth, Minnesota. The plaintiff held a mortgage on the real estate used by Schwen's in its business. Plaintiff claims that James H. Levy, formerly trustee of the bankrupt estate, unlawfully sold some equipment that had been attached to Schwen's building as fixtures and had thus become subject to Benz's lien. Plaintiff seeks damages for this alleged conversion.
 
 
 2
 The Bankruptcy Court[1] found on conflicting evidence that the equipment in issue was not a fixture under Minnesota law, and the District Court[2] held that this finding was not clearly erroneous and affirmed. The principal question presented on Benz's appeal to us is whether the equipment in dispute should properly have been characterized as fixtures. In reviewing the Bankruptcy Court's findings of fact, the District Court was of course bound by the clearly-erroneous rule, and so are we. E.g., In re Windle, 653 F.2d 328 (8th Cir.1981).[3] The legal definition of a "fixture" in this case is a question of Minnesota law, and on such questions we normally defer to the judgment of a district court sitting in the particular state involved. The District Court's legal conclusion is not contrary to any opinion of the Supreme Court of Minnesota, and in this case there is, by chance, the added factor that the district judge was himself at one time a Justice of the Supreme Court of Minnesota.
 
 
 3
 We are not persuaded that the District Court committed any error of fact or law, and accordingly the judgment is
 
 
 4
 Affirmed.
 
 
 
 *
 The Hon. Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The Hon. John J. Connelly, United States Bankruptcy Judge for the District of Minnesota. (Bkrtcy.) 19 B.R. 681
 
 
 [2]
 The Hon. Harry H. MacLaughlin, United States District Judge for the District of Minnesota. (D.C.) 20 B.R. 638
 
 
 [3]
 The case for appellee is, if anything, made stronger by the fact that the appellate court of first instance, here the District Court, has affirmed the findings made by the trier of fact. Cf., e.g., Graver Mfg. Co. v. Linde Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672 (1949) (Supreme Court will seldom review a finding of fact made by a district court and affirmed by a court of appeals)