In re Homer Edward HUGHES and Pauline "Polly" Opal Hughes d/b/a Traveler's Inn Motel, Greene Valley Truck Stop and Big Shanty Restaurant, Debtors.

Bankruptcy No. 3–86–00074.

United States Bankruptcy Court, E.D. Tennessee.

March 7, 1986.

Robertson, Williams, Ingram & Overbey, Lynn Tarpy, Knoxville, Tenn., for debtors.

Baker, Worthington, Crossley, Stansberry & Woolf, Edward A. Cox, Jr., Knoxville, Tenn., for Citizens Union Nat. Bank & Trust Co.

Jenkins & Jenkins, Gary S. Dawson, Knoxville, Tenn., for Cumberland View Joint Venture.

## MEMORANDUM ON MOTION TO DETERMINE STATUS OF CLAIMS

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether a modular motel unit, essentially a mobile home, is within the scope of the Tennessee Motor Vehicle Title and Registration Law. Tenn.Code Ann. § 55–1–101 (1980).

### I

The facts are undisputed. On January 13, 1986, the debtors filed their chapter 11 petition. On January 24, 1986, the court approved the sale, pursuant to 11 U.S.C.A. § 363(b)(1) (West Supp.1985), of "six (6) unattached mobile home/modular motel units" for $54,000.00. The proceeds from the sale are being held in an escrow account subject to the rights of Cumberland View Joint Venture (CVJV) and Citizens Union National Bank & Trust Co. (Bank).

CVJV asserts a perfected security interest in two of the six modular motel units; the Bank asserts a perfected security inter-

est in the other four units. The debtors contend the interests of the Bank and CVJV are unperfected due to failure to note their respective liens on certificates of title. Contending the six units represent "inventory," the Bank and CVJV maintain they perfected their interests by filing financing statements. Further, the Bank and CVJV insist the modular motel units are outside the circumscription of the Tennessee registration and certificate of title requirements.

Debtor Homer Hughes testified that in February 1984 he purchased fifteen modular motel units. Hughes originally expected to use all fifteen units in a motel business, but he has used only nine as motel rooms. The six units in question were not occupied while in Hughes' possession; one or more of the units was used for storage purposes.

Wayne Decker, a partner in CVJV, testified that the modular motel units were manufactured by Giles Industries. The fifteen units Hughes purchased in February 1984 were originally purchased in early 1982 by CVJV, Decker, and Rex and Pat K. Holt. These original purchasers obtained certificates of origin but they never applied for title certificates. Decker testified that he still has the certificates of origin.[1] Prior to Hughes' purchase of the fifteen units they were used as motel rooms at a location in Knoxville, Tennessee.

## II

Goods are "inventory" if "held by a person who holds them for sale or lease...." Tenn.Code Ann. § 47–9–109(4) (1979). When the security interests of CVJV and the Bank attached the debtors did not hold the six units "for sale or lease."[2] Hence these units were not inventory. Notation of their liens on certificates of title was necessary to perfect the securi-

ty interests of CVJV and the Bank when their interests attached.

Tenn.Code Ann. § 47–9–302(3) (1979) enacts in part:

The filing provisions of this chapter do not apply to a security interest in property subject to a statute:

. . . .

(b) of this state which requires central filing of, or which requires indication on a certificate of title of, such security interests in such property.

With exceptions immaterial, Tenn.Code Ann. § 55–3–101(a) (Supp.1985) requires registration of and procurement of a certificate of title for:

[e]very motor vehicle or motorized bicycle ... when driven or moved upon a highway, and every mobile home or house trailer when occupied....

As used in the Tennessee Motor Vehicle Title and Registration Law, "mobile home" or "house trailer" means "any vehicle or conveyance, not self propelled, designed for travel upon the public highways, and designed for use as a residence, office, apartment, storehouse, warehouse, or any other similar purpose." Tenn.Code Ann. § 55–1–105(d) (1980). The units at issue are clearly within the scope of this definition. But CVJV and the Bank argue that registration and procurement of certificates of title for the six units were not necessary because the units were not "occupied" while in Hughes' possession. Tenn.Code Ann. § 55–3–101(a) (Supp.1985). This argument, however, overlooks the fact that the units were previously occupied, and should have been registered, when owned by CVJV, Wayne Decker, and Rex and Pat K. Holt.

Because CVJV and the Bank failed to comply with the requirements of Tenn. Code Ann. § 55–3–126 (1980), their interest in the units is unperfected. Tenn.Code

---

**1.** It is unclear whether Decker has the certificates of origin for all fifteen units.

**2.** Paragraph 3 of the security agreement, dated February 17, 1984, between the debtors and CVJV recites in part: "The Collateral shall be

used solely in Debtor's business and shall remain in Debtor's possession or control at all times." The debtors were, and are, in the motel and restaurant business, not the business of selling modular motel units.

Ann. § 55–3–125 (1980). Hence, the $54,-000.00 in proceeds from the sale of the six units is unencumbered property of the estate.

